UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONALD BIAS                                                CIVIL ACTION NO.

VERSUS                                                     19-743-EWD

CARL J. FOSTER, ET AL.

## RULING AND ORDER

Defendant John B. Wells ("Wells") removed this matter, asserting federal question subject matter jurisdiction under 28 U.S.C. § 1331.[1] After removal, Ronald Bias ("Plaintiff"), who is representing himself, amended his complaint to remove his lone federal claim. Plaintiff's First Amended Complaint[2] only asserts Louisiana state law claims. For the reasons set forth herein, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's remaining state law claims and *sua sponte* remands this matter to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[3]

## I.  BACKGROUND

This case appears to be another chapter in a long-running legal feud between Plaintiff, Wells and the other defendant, Carl J. Foster ("Foster") (Wells and Foster are collectively, "Defendants").[4] Specifically, on September 6, 2019, Plaintiff filed a Petition for Damages

---

[1] R. Doc. 1.
[2] R. Doc. 20.
[3] The parties filed a Consent to Proceed Before a United States Magistrate Judge averring that all parties, pursuant to 28 U.S.C. § 636(c), "waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case." R. Doc. 26. Thereafter, the district judge previously assigned to this case entered an Order of Reference referring this matter to the undersigned "for the conduct of all further proceedings and the entry of judgment in accordance with 28 USC 636(c)…" R. Doc. 26.
[4] *See, e.g.*, R. Doc. 20, ¶ 3 ("This lawsuit concerns two frivolous and retaliatory lawsuits filed in conspiracy by Foster, assisted by Wells, against [Plaintiff]."); R. Doc. 25-1, p. 3 ("Bias filed this suit against Foster and Foster's attorney, Wells, as a result of litigation between [Plaintiff] and Foster over the past decade...This incredible ongoing saga between Bias and Foster began when the two were working as JROTC instructors at Amite High School in 2009."). Both Plaintiff's First Amended Complaint and Wells's memorandum in support of his Motion to Dismiss contain lengthy recitations of the parties' ongoing legal feud. *See, respectively*, R. Doc. 20, ¶¶ 2-140, and R. Doc. 25-1, pp. 3-7.

("Petition") in Louisiana state court, asserting numerous causes of action against Defendants, including (1) "Conspiracy," (2) "Abuse of process in filing the two lawsuits,[5]" (3) "Breach of contract of the stipulation agreement," (4) "Malicious prosecution in the filing of the two lawsuits," (5) Intentional infliction of emotional distress" relating to the "two law suits," and (6) "Violation of constitutional right to petition and free speech on matter of public concern stemming from the filing of the two lawsuits."[6]

On October 31, 2019, Wells removed this matter, asserting federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's allegation that Defendants violated his First Amendment rights.[7] Wells further asserts that this Court has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367(a).[8]

Wells filed a Motion to Dismiss Pursuant to Rule 12(b)(6) after removal (the "First Motion to Dismiss").[9] Plaintiff responded to that motion by filing a Motion to Strike the First Motion to Dismiss ("Motion to Strike")[10] and a Motion to Amend Complaint.[11] After addressing some procedural issues raised by the Court,[12] Plaintiff was granted leave to file his First Amended Complaint.[13]

---

[5] According to Wells, the "two lawsuits" referenced by Plaintiff are a 2015 defamation suit and a 2018 abuse of process suit filed by Foster against Bias in the Nineteenth Judicial District Court for the Parish of East Baton Rouge Parish, State of Louisiana. R. Doc. 3-1, pp. 5-7.
[6] R. Doc. 1-1, ¶¶ 91-92.
[7] R. Doc. 1, at introductory paragraph and ¶¶ 3-4.
[8] R. Doc. 1, ¶ V.
[9] R. Doc. 3. Plaintiff filed an opposition to this motion. R. Doc. 6.
[10] R. Doc. 7.
[11] R. Doc. 5. Plaintiff also filed a Motion to Strike Wells's First Motion to Dismiss as "unresponsive and/or moot to the original and amended complaints" under Fed. R. Civ. P. 12(f). R. Doc. 7, p. 1.
[12] The Court ordered Plaintiff to file a motion to substitute his proposed amended complaint with a "proposed comprehensive pleading that includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended…without reference to any other document in the record." R. Doc. 8. Plaintiff filed a Motion to Substitute Proposed Amended Complaint ("Motion to Substitute"), along with a comprehensive proposed First Amended Complaint. R. Doc. 14. Between the Court's December 20, 2019 Order and Plaintiff's Motion to Substitute, Foster answered Plaintiff's original Petition. R. Doc. 11. The Court granted the Motion to Substitute. R. Doc. 19.
[13] R. Doc. 20.

Per the First Amended Complaint, Plaintiff reasserts all his state law causes of action against Defendants[14] and adds a new state law cause of action against Wells.[15] However, the First Amended Complaint does not include a federal claim.[16] Notwithstanding the removal of his federal claim, Plaintiff requested that this Court "maintain supplemental jurisdiction over the remaining state claims" but acknowledged that this Court may "exercise its discretion to remand the case to state court or dismiss the claims without prejudice."[17]

Foster filed another Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)[18] (the "Second Motion to Dismiss") in response to Plaintiff's First Amended Complaint. Plaintiff filed an opposition memorandum to the Second Motion to Dismiss,[19] and Foster filed a reply memorandum.[20] Plaintiff also filed a Motion for Leave to File a Sur-Reply ("Motion for Leave").[21] Wells's First and Second Motions to Dismiss, as well as Plaintiff's Motion for Leave and Motion to Strike, are all pending.[22]

## II. LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction with subject matter jurisdiction only over "civil actions arising under the Constitution, laws, or treaties of the United States," (federal question jurisdiction)[23] and over civil actions where the amount in controversy exceeds $75,000.00

---

[14] R. Doc. 20, ¶ 105 (Causes of action against Foster: (1) "Conspiracy to commit the tortious acts/offenses described in the petition," (2) "Abuse of process," (3) "Breach of contract/stipulation agreement," (4) "Malicious prosecution," and (5) "Intentional inflection of emotional distress"); and ¶ 106 (Causes of action against Wells: (1) "Conspiracy to commit the tortious acts/offenses described in the petition," (2) "Conspiracy to commit abuse of process," (3) "Conspiracy to commit breach of contract/stipulation agreement," (4) "Conspiracy to commit malicious prosecution," (5) "Conspiracy to commit intentional inflection of emotional distress"…).
[15] R. Doc. 20, ¶ 106 ("Count 6 – Aiding and abetting Foster in the commission of tortious acts.").
[16] R. Doc. 20, ¶ 4.
[17] *Id*.
[18] R. Doc. 25.
[19] R. Doc. 28.
[20] R. Doc. 31.
[21] R. Doc. 33.
[22] The First Motion to Dismiss was not withdrawn after Plaintiff filed his First Amended Complaint, so it remains pending. R. Doc. 3.
[23] 28 U.S.C. § 1331.

exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants) (diversity jurisdiction).[24]

Wells removed this matter, asserting federal question jurisdiction under 28 U.S.C. § 1331 because of Plaintiff's claim that Defendants violated his First Amendment rights. There is no dispute that this Court properly exercised federal question jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over his state law claims. Further, when—as here—a defendant removes a case to federal court based on federal question jurisdiction, "an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."[25] The court, however, may still decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims[26] if it "has dismissed all claims over which it has original jurisdiction."[27] "Generally, a federal court should decline to exercise jurisdiction over supplemental state law claims when all federal claims are disposed of prior to trial."[28] "A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated."[29]

In deciding whether to exercise supplemental jurisdiction, the court should consider the following factors: judicial economy, convenience, fairness, and comity.[30] These factors weigh in

---

[24] 28 U.S.C. § 1332. Diversity jurisdictions is not present here because the parties are not completely diverse and it not clear that the amount in controversy is likely to exceed $75,000. *See* R. Doc. 1, at introductory paragraph (Plaintiff is "currently domiciled in East Baton Rouge, Louisiana"); R. Doc. 20, ¶ 1 (Foster is "domiciled in Tangipahoa Parish, Louisiana," and Wells is "domiciled in St. Tammany Parish, Louisiana"), and prayer for relief ("Plaintiff prays that…he be awarded damages in excess of $70,000…").
[25] *Williams v. Louisiana State Bd. of Elementary and Secondary Education (BESE)*, No. 09-914, 2010 WL 565390, at *1 (M.D. La. Feb. 17, 2010), *citing Rockwell Intern. Corp. v. U.S.*, 549 US. 457, 127 S.Ct. 1397, n. 6 (2007) (citing *Carnegie-Mellon Univ. v. Colhill*, 484 U.S. 343, 346-47, 108 S.Ct. 614, 617 (1988)).
[26] *Williams,* 2010 WL 565390, at *2, *citing Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40, 129 S.Ct. 1862, 1866-67 (2009) (*citing Osborn v. Haley*, 549 U.S. 225, 245, 127 S.Ct. 811 (2007)). *See also*, 28 U.S.C. § 1367(c)(3).
[27] 28 U.S.C. § 1367(c)(3). *See also, Savoy v. Pointe Coupee Parish Police Jury*, No. 15-218, 2015 WL 3373418, at *2 (M.D. La. June 16, 2015).
[28] *Williams*, 2010 WL 565390, at *2 (citing *Carnegie-Mellon*, 484 U.S. at 350, 108 S.Ct. 619).
[29] *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citation omitted).
[30] *Williams*, 2010 WL 565390, at *2; *Savoy*, 2015 WL 3773418, at *2.

favor of a court exercising jurisdiction under §1367 when the court is "intimately familiar with the facts" such that remand results in a "waste of scarce judicial resources."[31] However, "[w]hen all federal claims are eliminated before trial," these factors usually weigh against exercising jurisdiction over the remaining state law claims.[32] Judicial economy favors remand: (1) when "the district court has devoted 'hardly any federal resources, let alone a significant amount of resources' to the state law claim at the time the federal claims were dismissed," and (2) when "neither party would be subjected to duplicative 'research, discovery, briefing, or other trial preparation.'"[33] Convenience points to remand when "all parties, witnesses, and evidence are located within the jurisdiction of the same state court."[34] Likewise, fairness points to remand when a state court hears purely state law claims and nothing in the record suggests that any party would be prejudiced by remand.[35] "Comity recognizes that 'district courts are courts of limited jurisdiction and often are not as well equipped for determinations of state law as are state courts.'"[36]

Additionally, while district courts should guard against forum manipulation, "[a plaintiff's] motion to amend his complaint to delete federal claims is not a particularly egregious form of forum manipulation, if manipulation at all."[37] Further, forum manipulation is not a trump card that overrides all other facts that must be considered by the court.[38]

The factors of judicial economy, fairness, convenience, and comity are either neutral or favor remand.[39] First, remand serves judicial economy because this case is in the early stages and

---

[31] *Savoy*, 2015 WL 3773418, at * 2 (quoting *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990)).
[32] *Id*. (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350).
[33] *Id*. (quoting *Enochs*, 641 F.3d at 159).
[34] *Id*. (citing *Enochs*, 641 F.3d at 160).
[35] *Id*. (citing *Hicks v. Austin Indep. Sch. Dist.*, 564 F.App'x. 747, 748 (5th Cir. 2014)).
[36] *Id*. (quoting *Parker & Parsley Petroleum Co. v. Dressier Indus.*, 972 F.2d 580, 588-89 (5th Cir. 1992)).
[37] *Id*. at *3 (citations omitted).
[38] *Id*. at *3 (citing *Enochs*, 641 F.3d at 161).
[39] *See Carnegie-Mellon Univ.* 484 U.S. at 357 ("A district court has discretion to remand to state court a removed case involving pendant claims after the court has determined that retaining jurisdiction would be inappropriate.").

the Court has not devoted significant resources to Plaintiff's state law claims. The parties have not yet submitted a status report,[40] and the Court has not held a scheduling conference. For the same reasons, remand will not subject either party to duplicative research, discovery, briefing, or trial preparation. This Court has not yet ruled on any substantive motions in this action and, because this matter is remanded, any party can pursue the issues raised in those motions in state court.[41]

Convenience is a neutral factor. Plaintiff lives in Baton Rouge, Louisiana, and he filed this case in the state court serving East Baton Rouge Parish.[42] Foster is alleged to be domiciled in Hammond, Louisiana (Tangipahoa Parish), and Wells is alleged to be domiciled in Slidell, Louisiana (St. Tammany Parish).[43] While Plaintiff is domiciled within the territorial jurisdiction of this Court, Defendants are not. Issues regarding the location of the parties, the witnesses, and the evidence are the same, regardless of whether this case proceeds in federal or state court. Foster and Wells will have to travel for hearings, deposition, and trial in both situations.

Consideration of fairness favors remand. The Court is aware of no prejudice that would befall any party if this case is remanded. The Court takes its obligation to guard against forum shopping seriously, but, as noted above, the Fifth Circuit has questioned whether a plaintiff's voluntary dismissal of his federal claim at an early stage in the proceeding is manipulation at all.[44] Here, Plaintiff amended his Petition as a matter of course and removed his lone federal claim. The record does not indicate that Plaintiff's decision to drop his federal claim is forum manipulation.

---

[40] Plaintiff filed a draft "Joint Status Report" without Wells's consent or all the content Wells intended to include. R. Doc. 15. Wells filed a Response to Status Report. R. Doc. 16. Plaintiff filed a Motion for Leave to Reply to Wells's Response to Status Report (R. Doc. 17) which the Court denied. R. Doc. 21. The Court also struck Plaintiff's Joint Status Report and Wells's Response to Status Report for failure to comply with the Court's Scheduling Conference Order. R. Doc. 21.
[41] The Court recognizes, and considered that, after remand, the parties may have to engage in some duplicative work to present the pending motions in the format required by state procedural rules. The duplication would be minimal, however, and this fact alone does not tip the scale toward the Court exercising supplemental jurisdiction under § 1367.
[42] R. Doc. 1-2, at introductory paragraph.
[43] R. Doc. 1-2, at ¶1 and service information (p. 9).
[44] *See Enochs*, 641 F.3d at 160.

Plaintiff's amendment was not conditioned on remand, and Plaintiff unequivocally amended his complaint to remove his federal claim knowing the Court had discretion to retain or decline supplemental jurisdiction.[45] Even if this factor weighed against remand, this alone does not override all the other factors which indicate that this case properly belongs in state court.[46]

Finally, comity also favors remand as the only remaining claims are Louisiana state law claims and this Court is a court of limited subject matter jurisdiction. While this Court is equipped to adjudicate Plaintiff's state law claims, comity is best served by allowing the state court to decide Plaintiff's state law claims, which are distinct from the law governing federal constitutional claims. The United States Supreme Court has "cautioned federal courts to avoid '[n]eedless decisions of state law'…."[47]

Considering the relevant factors and the circumstances of this case, the Court finds that continuing to exercise jurisdiction over Plaintiff's state law claims is not justified. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 and remands this matter to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

### III. CONCLUSION

As Plaintiff has removed all federal claims from his Amended Complaint, and after weighing the factors to be considered in deciding whether to exercise supplemental jurisdiction over Plaintiff's claims which arise purely under state law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[45] R. Doc. 20, ¶ 4.
[46] *See Enochs*, 641 F.3d at 161. Further, the court's obligation to guard against forum shopping is "explicitly qualified for situations such as this one, whether other considerations weight heavily in favor of remand." *Savoy*, 2015 WL 3773418, at *4.
[47] *Enoch*, 641 F.3d at 161, *citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (setting forth the common law precursor to § 1367(c)).

Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on April 9, 2020.

                                                 **ERIN WILDER-DOOMES**
                                                 **UNITED STATES MAGISTRATE JUDGE**